**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| **FISH & FISHER, INC.** | CASE NO.  09-02747-EE |
| **MERCHANTS AND FARMERS BANK** | |
| VS. | ADVERSARY NO. 11-00027-EE |
| **FISH & FISHER, INC., DEBTOR,** | |
| **FRANK COXWELL,** | |
| **COXWELL & ASSOCIATES, PLLC,** | |
| **SEKCO, INC.,** | |
| **H&E EQUIPMENT SERVICES, INC.,** | |
| **PUCKETT MACHINERY COMPANY,** | |
| **WARING OIL COMPANY, LLC,** | |
| **MCGRAW RENTAL & SUPPLY COMPANY, INC.,** | |
| **UNITED STATES OF AMERICA, AND** | |
| **PRECIOUS MARTIN** | |

| | |
|---|---:|
| Hon. Jeff D. Rawlings | Attorney for |
| Rawlings & MacInnis, P.A. | Merchants & Farmers Bank |
| P.O. Box 1789 | |
| Madison, MS  39130-1789 | |

| | |
|---|---:|
| Hon. Kenneth W. Barton | Attorneys for |
| Hon. Paul M. Ellis | Frank Coxwell and |
| Butler, Snow, O'Mara, Stevens & Cannada, PLLC | Coxwell & Associates, PLLC |
| 1020 Highland Colony Parkway, Suite 1400 | |
| Ridgeland, MS  39158-6010 | |

Edward Ellington, Judge

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON**
**(1) *MOTION TO RECONSIDER ORDER* AND (2) *MOTION TO AMEND COMPLAINT***

**THIS MATTER** came before the Court on the *Motion to Reconsider Order* (the *"Motion*

to Reconsider") (Adv. Dkt. #151)[1] and the *Motion to Amend Complaint* (the "*Motion to Amend*") (Adv. Dkt. #150) filed by Merchants & Farmers Bank ("M&F") in the above-referenced adversary proceeding (the "Adversary"). As authorized by the Court's *Scheduling Order* (Adv. Dkt. #152), *Coxwell's Response to Motion to Reconsider Order* (the *"Response to Motion to Reconsider"*) (Adv. Dkt. #156) and *Coxwell's Response to Motion to Amend Complaint* (the *"Response to Motion to Amend"*) (Adv. Dkt. #155) were filed on April 20, 2012, by Frank Coxwell and Coxwell & Associates, PLLC (together, "Coxwell").[2] Also pursuant to the *Scheduling Order*, M&F filed on May 3, 2012, the *Reply to Coxwell's Response to Motion to Reconsider* (the "*Reply to Response to Motion to Reconsider*") (Adv. Dkt. #158) and the *Reply to Response to Motion to Amend Complaint* (the *"Reply to Response to Motion to Amend"*) (Adv. Dkt. #157).

In its *Memorandum Opinion and Order Granting Coxwell's Motion to Dismiss Claim of M&F in Second Amended Complaint* (the "*Opinion*") (Adv. Dkt. #146), issued on March 25, 2012, the Court held that M&F's factual allegations against Coxwell failed to state a plausible claim for the imposition of a constructive trust or for negligence under Mississippi law. The Court found that M&F's allegations were legally insufficient to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure,[3] as clarified by the United States Supreme Court in *Ashcroft v. Iqbal*, 129

---

[1] Citations to docket entries in the main bankruptcy case, Case No. 09-02747-EE, are cited as "(Dkt. #____)", and citations to docket entries in this adversary proceeding, Adv. No. 11-00027-EE, are cited as "(Adv. Dkt. #____)".

[2] For brevity's sake, the Court will refer to both Frank Coxwell and Coxwell & Associates, PLLC as "Coxwell."

[3] Federal Rule of Civil Procedure 8, which is made applicable to adversary proceedings by Rule 7008 of the Federal Rules of Bankruptcy Procedure, requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).

S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Consequently, the Court rendered a *Final Judgment* (Adv. Dkt. #147), consistent with the *Opinion,* that dismissed Coxwell from the Adversary "with prejudice" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[4] for failure to state a claim for relief. The Court certified its decision dismissing Coxwell as a "final" judgment for the purpose of an appeal, because the *Opinion* ended Coxwell's involvement in the Adversary and because of the separability of M&F's claims against Coxwell from its claims against the other parties.

It is this *Opinion* and *Final Judgment* that M&F asks the Court to reconsider so that M&F may amend its allegations against Coxwell. M&F asserts that the relief it requests is necessary to prevent an injustice caused by Coxwell after he filed *Coxwell's Motion to Dismiss Claims of M&F Bank in Second Amended Complaint* (the *"Motion to Dismiss"*) (Adv. Dkt. #124), and before the Court issued the *Opinion* and *Final Judgment*. The Court has considered the pleadings and the briefs filed by the parties and finds that the *Motion to Reconsider* and the *Motion to Amend* are not well taken and should be denied.

**FINDINGS OF FACT**

M&F initiated this Adversary on March 9, 2011, by filing a *Complaint for Declaratory Judgment, to Determine Extent, Validity and Priority of Liens and for other Relief* (the *"First Complaint"*) (Adv. Dkt. #1). Since then, M&F has amended its allegations twice. About two weeks after filing the *First Complaint*, on March 25, 2011, M&F filed an *Amended Complaint for Declaratory Judgment, to Determine Extent, Validity and Priority of Liens and for other Relief* (the

---

[4] Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.

"*First Amended Complaint*") (Adv. Dkt. #25). Almost five months later, with the permission of the Court, M&F filed the *Second Amended Complaint for Declaratory Judgment, to Determine Extent, Validity and Priority of Liens and for other Relief* (the *"Second Amended Complaint"*) (Adv. Dkt. 113) on August 30, 2011. Having twice amended its allegations, M&F seeks permission to do so once more. In that regard, M&F attached to the *Motion to Amend* pending before the Court a proposed *Third Amended Complaint for Declaratory Judgment, to Determine Extent, Validity and Priority of Liens and for other Relief* (the *"Third Amended Complaint"*) (Adv. Dkt. #150-1). If allowed, the *Third Amended Complaint* would constitute a fourth attempt by M&F to plead its allegations against Coxwell.

The *Second Amended Complaint,* which was the subject of the *Opinion* and *Final Judgment*, named Coxwell as a defendant, as well as certain creditors of the debtor, Fish & Fisher, Inc. ("Fish & Fisher"). All of these creditors, according to M&F, received varying amounts of proceeds from an arbitration award received by Fish & Fisher and then disbursed by Coxwell in satisfaction of certain debts owed by Fish & Fisher. Coxwell had been retained as counsel for Fish & Fisher to undertake this responsibility. M&F, who was also a creditor of Fish & Fisher, received no payment from the arbitration award.

M&F's cause of action against Coxwell was wholly contained in Count III of the *Second Amended Complaint*. M&F claimed: (1) that Coxwell "negligently exercised control over the entire amount of the arbitration award" (Sec. Am. Compl. ¶ 23), (2) that a constructive trust was imposed upon the arbitration proceeds for the benefit of M&F (Sec. Am. Compl. ¶ 23), (3) that Coxwell violated the constructive trust (Sec. Am. Compl. ¶ 23), and (4) that Coxwell is liable to M&F for all sums Fish & Fisher owed M&F (Sec. Am. Compl. ¶ 23). M&F attached nine exhibits, identified as

Exhibits A through I, to the *Second Amended Complaint*. Of particular relevance to M&F's claim against Coxwell was an email from M&F's counsel to Coxwell, which M&F attached as Exhibit I and which is discussed at greater length later in this Opinion.[5]

Coxwell filed the *Motion to Dismiss* on October 11, 2011. M&F filed the *Response to Coxwell's Motion to Dismiss* (Adv. Dkt. #130) on November 1, 2011. Coxwell filed his *Reply Brief in Support of Motion to Dismiss* (Adv. Dkt. #132) on November 8, 2011. The *Opinion* and *Final Judgment*, as noted previously, were issued on March 25, 2012.

As set forth in the *Opinion*, a key difference between M&F's *First Amended Complaint* and its *Second Amended Complaint* is that in the *First Amended Complaint*, M&F specifically alleged that Coxwell converted the arbitration proceeds but in the *Second Amended Complaint,* M&F made no reference to a conversion. With respect to M&F's claim for imposition of a constructive trust, the Court ruled in the *Opinion* that M&F had abandoned its conversion claim against Coxwell when it filed the *Second Amended Complaint*, because the *Second Amended Complaint* superseded the *First Amended Complaint*. Therefore, in the absence of any allegation of conversion or of other wrongdoing, M&F had not "nudged his claims [for constructive trust] across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1950. The Court also found that to the extent M&F's allegations could be construed as asserting a negligence claim against Coxwell, they likewise failed to state a claim for relief because they did not include an allegation of a duty owed to M&F.

M&F filed the *Motion to Reconsider* and the *Motion to Amend*, accompanied by the proposed

---

[5] A Rule 12(b)(6) motion is limited to an evaluation of the complaint. However, documents outside the complaint may be considered if attached to the complaint and central to the claims asserted. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

*Third Amended Complaint*. M&F attached ten exhibits, identified as Exhibits A through J, to the *Third Amended Complaint*, which are identical to those exhibits attached to the *Second Amended Complaint*, except for Exhibit J, which is new. Exhibit J is a collection of letters and emails to and/or from: (1) legal counsel for M&F, (2) former legal counsel for Fish & Fisher, (3) corporate officers of Fish & Fisher, and (4) Coxwell.

## CONCLUSIONS OF LAW

### I.

This Court has jurisdiction of the subject matter and of the parties to this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

### II.

There are two procedural matters that must be discussed before the Court reaches the merits of M&F's *Motion to Reconsider* and *Motion to Amend*. First, the Court addresses the *Motion to Reconsider* and the *Motion to Amend* together. In the *Motion to Reconsider,* M&F asks the Court to alter the *Opinion* and *Final Judgment* to render the dismissal of Coxwell "without prejudice." If the Court does so, then M&F seeks permission to correct the shortcomings pointed out in the *Opinion* by allowing it to file a *Third Amended Complaint*. The parties recognize that M&F achieves its objective only if the Court grants the relief sought in both motions.[6] It is, therefore, more efficient for the Court to address them both in the same opinion.

---

[6] In the *Motion to Reconsider*, M&F incorporates by reference all the facts set forth in its *Motion to Amend* and vice versa. Likewise, in *Coxwell's Response to Motion to Reconsider*, Coxwell adopts and incorporates by reference his *Response to M&F's Motion to Amend* and vice versa.

Second, a hearing is unnecessary for the proper disposition of the *Motion to Reconsider* and *Motion to Amend*. Because the *Opinion* and *Final Judgment* challenged by M&F concern the legal sufficiency of the factual allegations made by M&F, a hearing would not bring to the Court's attention any matters that are not already known to it, or that could not be gleaned by the Court from the pleadings.

As authority for the relief it seeks, M&F cites Rules 15, 59(e), and 60 of the Federal Rules of Civil Procedure[7] in the *Motion to Amend*. The Court begins with a discussion of the legal standard under Rule 59(e).

### A. Rule 59(e) Standard

There is no "motion for reconsideration" either in the Federal Rules of Civil Procedure or in the Federal Rules of Bankruptcy Procedure. The Fifth Circuit Court of Appeals has held that "a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *overruled on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). If the motion is served within the relatively short time frame prescribed in Rule 59(e), the motion falls under Rule 59(e); if it is served outside that time limit, it falls under Rule 60(b). *Id.* The *Motion to Reconsider* at issue here falls under Rule 59(e), rather than Rule 60, because it was filed within fourteen days after entry of the *Final Judgment*, which was within the time frame of Rule 59.

Rule 59(e) serves the narrow purpose of "allowing a party to correct manifest errors of law

---

[7] Rules 15, 59(e), and 60 of the Federal Rules of Civil Procedure are made applicable to adversary proceedings by Rules 7015, 9023, and 9024 of the Federal Rules of Bankruptcy Procedure.

or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A Rule 59(e) motion is not the proper place for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The opinions and orders of this Court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

Having established that the *Motion to Reconsider* falls under Rule 59(e) and having set forth the standards the Court must follow under Rule 59(e), the Court notes that because the Adversary was dismissed with prejudice under Rule 12(b)(6), the Fifth Circuit requires an analysis of the *Motion to Reconsider* using "the same considerations controlling the exercise of discretion under Rule 15(a)." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). The Court next turns to the legal standard under Rule 15(a).

### B. Rule 15(a) Standard

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Fifth Circuit, however, has cautioned that leave to amend under Rule 15(a) "is by no means automatic." *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993). The denial of a motion to amend is warranted for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowing of the amendment, [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

With respect to the *Motion to Amend* pending before the Court, the crux of the dispute between Coxwell and M&F is whether M&F could reasonably have presented the email to the Court

that M&F attached as Exhibit J to the *Third Amended Complaint* prior to the Court's ruling on the constructive trust claim in the *Motion to Dismiss* and, if not, whether the email adds sufficient facts showing that Coxwell is plausibly liable for "conversion, fraud, and intentional, willful and wrongful conduct . . . in the 'handling of the arbitration funds.'"[8] (*Motion to Reconsider* ¶ 11). M&F's *Motion to Reconsider* and *Motion to Amend* lack merit if M&F unduly delayed presenting the new evidence or if the new allegations set forth in the *Third Amended Complaint* fail to state a claim for relief. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009). The Court considers each matter in turn.

### 1. Undue Delay

M&F alleges in its *Motion to Reconsider* that it "recently obtained" evidence pursuant to a subpoena duces tecum served on Robert C. Williamson, Jr., who was legal counsel for Fish & Fisher before Coxwell. (*Notice of Subpoena*, Adv. Dkt. #136). The new evidence consists of twenty pages of letters and emails, attached as collective Exhibit J to the proposed *Third Amended Complaint*. M&F contends that it could not have brought the "newly obtained" materials to the Court's attention before entry of the *Opinion* and *Final Judgment*. M&F, however, does not disagree that it received the newly-obtained documents *more than two months* before entry of the *Opinion* and *Final Judgment*.

The chart below provides a precise time line, beginning with the date Coxwell filed the *Motion to Dismiss*.

---

[8] M&F does not challenge the Court's dismissal of its negligence claim.

| Coxwell's *Motion to Dismiss* | Dkt. #124 | October 11, 2011 |
|---|---|---|
| M&F's *Response to Coxwell's Motion to Dismiss* | Dkt. #130 | November 1, 2011 |
| Coxwell's *Reply in Support of Motion to Dismiss* | Dkt. #132 | November 8, 2011 |
| M&F's Subpoena on Williamson | Dkt. #136 | December 10, 2011 |
| M&F's Receipt of Subpoenaed Documents |  | January 18, 2012 |
| *Opinion & Final Judgment* | Dkt. #146 & 147 | March 25, 2012 |

From January 18, 2012, through March 25, 2012, M&F did not seek leave of Court to amend its *Second Amended Complaint*, to engage in additional discovery, or to supplement its *Response to Coxwell's Motion to Dismiss*.

M&F does not satisfactorily explain why it failed to submit the documents before the Court ruled on Coxwell's *Motion to Dismiss*. M&F contends that the Court should allow the amendment of its *Second Amended Complaint* to prevent manifest injustice. "[B]ut for Coxwell's prior efforts to conceal the documents establishing his knowledge and his attempts to discuss settlement immediately after [M&F] uncovered the previously undisclosed documents and before this Court's ruling on Coxwell's *Motion to Dismiss*, [M&F] would have supplemented the record." (*Reply to Response to Motion* to *Amend* at 6). In short, M&F blames Coxwell for the undue delay.

Immediately after it received the documents, M&F maintains that it asked Coxwell if there was "any interest in resolving this now." (*Reply to Response to Motion to Amend*, Ex. 2). Coxwell responded that he "would like to explore settlement as soon as possible" and asked for additional documents from M&F. (*Reply to Response to Motion to Amend*, Ex. 2). M&F produced those documents to Coxwell on January 30, 2012. After that date, however, there were no more settlement discussions between M&F and Coxwell. Apparently, M&F believes that Coxwell deliberately

misled it regarding his level of interest in settling the Adversary in order to delay any attempt by M&F to supplement its opposition to the *Motion to Dismiss* and to allow the Court to issue the *Opinion* and *Final Judgment* without the benefit of Exhibit J.

In a nearly analogous case, *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413 (5th Cir. 2010), a plaintiff claimed that the district court erred by refusing to permit him to amend his complaint after the court had granted defendant's motion to dismiss for failure to state a claim. *Id.* at 419. The plaintiff argued he was entitled to amend his complaint because he had not previously sought leave to amend and because his proposed amendment would add factual details to the claims he had already asserted. *Id.* The Fifth Circuit disagreed, finding the plaintiff's argument "hollow" in light of his actions:

> [T]hroughout the pendency of the motions to dismiss his case, [plaintiff] urged the sufficiency of his complaint and did not seek leave to amend, despite awareness of its potential deficiencies. . . . [Plaintiff's] request *now* to amend, after his case has been dismissed on his now-abandoned conversion claim theory, 'rings hollow in light of h[is] failure to amend h[is] complaint as a matter of right and h[is] failure to furnish the district court with a proposed amendment' while the motions to dismiss were pending.

*Id.* (quoting *Spiller v. City of Tex. City*, 130 F.3d 162, 167 (5th Cir. 1997)). The Fifth Circuit further noted that "[i]n cases where a party seeks to amend [his] complaint after entry of judgment, we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Id.* (quoting *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (internal quotation marks omitted)). In affirming the district court, the Fifth Circuit in *Rosenblatt* concluded: "The facts [plaintiff] seeks to add to his complaint now were available to him previously and he has not shown any reason, other than a misguided attempt at strategy, why he failed to plead them before."

*Rosenblatt,* 607 F.3d. at 420.

Like the plaintiff in *Rosenblatt*, M&F urged the sufficiency of its *Second Amended Complaint* in its *Response to Coxwell's Motion to Dismiss* and never sought leave to supplement its response or to amend its allegations after obtaining the documents that M&F now insists proves its constructive trust claim. Unlike the plaintiff in *Rosenblatt*, who had never amended his complaint and who was attempting to add factual allegations to a claim it had already asserted, M&F has already filed three complaints and seeks to resurrect a claim for conversion in the *Third Amended Complaint* that it had previously abandoned in the *Second Amended Complaint*. Without question, an undue delay to provide evidence available at the time a judgment is entered is grounds for denying a subsequent motion for reconsideration. *Templet*, 367 F.3d at 479.

In its *Motion to Amend*, M&F cites *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262 (5th Cir. 2010), as authority for allowing the amendment of a complaint after entry of a final judgment. Contrary to M&F's assertion, that case, however, does not interpret Rule 15(a) as granting a plaintiff an unlimited right to amend its pleadings. In *Steury*, the district court granted Steury leave to amend her complaint but then entered final judgment before the time to amend had expired (and even before it had begun to run). The Fifth Circuit vacated the judgment and allowed Steury time to amend. In doing so, the Fifth Circuit noted that Steury had not unduly delayed her action. *Id.* at 271.

M&F also maintains in the *Motion to Reconsider* that based on the assumption that Williamson "turned over his files" to Coxwell when Coxwell took over the legal representation of Fish & Fisher, the documents that comprise Exhibit J were in Coxwell's files when he filed the *Motion to Dismiss*. In its *Reply to Response to Motion to Amend*, M&F goes so far as to accuse

Coxwell of refusing to produce the documents and of actively concealing their existence from M&F in order to obtain an unfair advantage. M&F faults Coxwell for not voluntarily providing the Court with copies of Exhibit J, assumably as part of his *Motion to Dismiss*.

The Court finds M&F's arguments in this regard disingenuous. After M&F served Coxwell with written discovery on November 9, 2011 (Adv. Dkt. #133), Coxwell filed a *Motion for Protective Order* (Adv. Dkt. #134) in which Coxwell asked the Court to suspend his obligation to respond to M&F's written discovery until after the Court had ruled on his *Motion to Dismiss*. On December 9, 2011, the Court entered an *Order Granting Coxwell's Motion for Protective Order*. (Adv. Dkt. #135). Accordingly, Coxwell had no obligation to produce Exhibit J or to disclose its existence to M&F in his *Motion to Dismiss*. Moreover, the issue raised by Coxwell in the *Motion to Dismiss* concerned the sufficiency of the allegations in the *Second Amended Complaint*, not the merits of M&F's claims.

### 2. Futility of the Amendment

Even absent an undue delay by M&F, the Court finds that the amendment proposed by M&F, as set forth in the *Third Amended Complaint*, would have been futile to state a constructive trust claim against Coxwell. In the *Motion to Dismiss,* Coxwell asked the Court to dismiss Count III of the *Second Amended Complaint* pursuant to Rule 12(b)(6) on the ground that M&F's allegations against him failed to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) dismissal, M&F had to plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 544. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. For purposes of the *Motion to Dismiss*, the Court assumed as

true the facts alleged by M&F in the *Second Amended Complaint*. These factual allegations, taken in large part from the Court's *Opinion*, are repeated, in pertinent part, as follows:

In early 2007, M&F loaned Fish & Fisher $681,000.00. (Sec. Am. Compl. ¶ 3, Exs. A-B). In exchange, Fish & Fisher executed Commercial Security Agreements granting M&F a security interest in "all accounts receivable whether now owned or hereinafter acquired by Debtor." (Sec. Am. Compl. ¶ 4, Ex. C). M&F filed a UCC Financing Statement (Sec. Am. Compl. ¶ 4) on November 13, 2006, that described the following collateral:

> TXC 256 Hydraulic Excavator serial #KHEXD0850030022 w/19 ft boom and 11 ft arm and thumb equipment #72207-1
>
> all accounts receivable whether now owned or hereafter acquired by Debtor together with all parts, accessions, attachments, equipment and other general intangibles thereto and wherever located

(Sec. Am. Compl. ¶ 4, Ex. C). Fish & Fisher defaulted on its loan payments. As of March 8, 2011, Fish & Fisher owed M&F $450,673.96, an amount that does not include interest, fees, or expenses. (Sec. Am. Compl. ¶ 3).

In the meantime, beginning in November, 2007, L&T Construction, Inc. stopped paying Fish & Fisher for labor and materials that Fish & Fisher had supplied for site preparation work. (Sec. Am. Compl. ¶ 11, Ex. G). After submitting its payment dispute with L&T Construction, Inc. to arbitration, Fish & Fisher received an award of $1,283,351.00 on June 23, 2009. (Sec. Am. Compl. ¶ 5).

In the arbitration proceeding, Fish & Fisher was represented by Williamson. After receiving the award, Fish & Fisher retained Coxwell as its legal counsel to handle the disbursement of the arbitration proceeds. For that purpose, Coxwell deposited all of the proceeds into Coxwell's trust account. According to M&F, Fish & Fisher's claim against L&T Construction, Inc. constituted an

"account receivable" subject to M&F's security interest. (Sec. Am. Compl. ¶¶ 5-6).

M&F alleged that Coxwell knew about its lien on the proceeds from the arbitration award before he disbursed the funds. (Sec. Am. Compl. ¶ 21). As proof, M&F attached as Exhibit I to the *Second Amended Complaint* a copy of an email dated June 23, 2009, from counsel for M&F to Coxwell, which states:

> Frank [Coxwell], I understand this ball is in your court now. As you know, the arbitration award is my client's collateral. Please advise as to payment of the award and pdf me a copy of the award.

(Sec. Am. Compl. ¶ 21, Ex. I).

Notwithstanding this email from M&F's counsel, Coxwell did not disburse any of the proceeds from the arbitration award to M&F. (Sec. Am. Compl. ¶ 24, Ex. E). Instead, Coxwell disbursed almost all of the proceeds to other creditors of Fish & Fisher and then returned the remaining amount to Fish & Fisher, all without M&F's knowledge or consent. (Sec. Am. Compl. ¶ 24, Ex. E).

These are the facts contained in the *Second Amended Complaint*, which the Court held were legally insufficient to state a claim for relief against Coxwell. To these facts, M&F attempts to add other facts, via the *Third Amended Complaint*, to cure the deficiencies pointed out by the Court in its *Opinion*. M&F contends that the *Third Amended Complaint*, and the exhibits attached thereto, "clearly evidence that Coxwell had prior detailed knowledge of the amount, the nature of [M&F's] lien, and of its demand that the funds be used to retire the indebtedness owed to [M&F]." (*Motion to Reconsider* at 7).

Of the twenty pages attached as collective Exhibit J to the *Third Amended Complaint*, the most relevant evidence, according to M&F in its *Motion to Reconsider*, is an email dated June 23,

2009, from Williamson's law office, that suggests that Coxwell was provided a copy of a "demand" letter dated June 12, 2009, from counsel for M&F to Williamson. The demand letter of June 12, 2009, informs Williamson about M&F's purported lien on the proceeds of the arbitration award, and the email of June 23, 2009, suggests that Coxwell was sent a copy of the demand letter at least two days before he disbursed the arbitration award. The demand letter states:

> Your client [Fish & Fisher] pledged all of its accounts receivable to [M&F]. Please insure that the sums necessary to retire [M&F's] debt are segregated from the arbitration award and delivered to [M&F]. I need to know when [M&F] can expect payment as well. As of today, the balance due is $604,007.07 with a per diem of $117.05. This does not include attorney fees.

(Ex. J, Adv. Dkt. #150-1).

The Court finds that the demand letter only marginally includes more information than the ball-is-in-your-court email that M&F sent directly to Coxwell and was found in the *Opinion* to be factually insufficient to state a claim for imposition of a constructive trust. These additional facts do not cure the deficiency noted by the Court that the ball-is-in-your-court email "did not present Coxwell with any proof of ownership of the funds." (Op. at 15). Moreover, Exhibit J does not affect the alternate ruling of the Court that M&F's constructive trust claim failed because Coxwell no longer possessed the arbitration proceeds.

## CONCLUSION

For two months, M&F sat on new evidence without bringing it to the attention of the Court even though M&F knew that the *Motion to Dismiss* was pending in the Adversary. Only now–two months after M&F had filed its *Response to the Motion to Dismiss,* and after the Court had entered the *Opinion* and *Final Judgment* dismissing Coxwell from the Adversary–does M&F seek permission to amend the *Second Amended Complaint*. By analogy, it is as if in a poker game, after

the players have placed their bets, and after they have turned over their cards, a losing player now wants to draw again to improve his hand. It appears that the two-month delay was a deliberate strategy, a gamble that did not pay off. M&F cannot disavow its failed strategy by blaming Coxwell for not producing the new evidence earlier.

Moreover, the Court finds that M&F has overinflated the significance of the new evidence. Exhibit J does not cure the deficiencies in the allegations of the *Second Amended Complaint*, as discussed in the *Opinion*.

In conclusion, the Court finds that M&F unduly delayed the proposed amendment of its *Second Amended Complaint* and, in any event, that such an amendment would be futile because the new allegations in the proposed *Third Amended Complaint* fail to state a claim against Coxwell for imposition of a constructive trust under Mississippi law. For these reasons, the Court concludes that the *Motion to Amend* and *Motion to Reconsider* should be denied.

A separate final judgment will be entered in accordance with Federal Rules of Bankruptcy Procedure 7054 and 9021 .

**SO ORDERED**.

*Edward Ellington*
Edward Ellington
United States Bankruptcy Judge
Dated: June 25, 2012